UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MARTINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>SECRETARY OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | No.  1:22-cv-01170 GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND<br><br>(ECF No. 15)<br><br>ORDER DIRECTING CLERK OF COURT TO DISREGARD PLAINTIFF'S LODGED FOURTH AMENDED COMPLAINT AS IMPROPERLY FILED<br><br>(ECF No. 16) |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff has filed a motion for leave to file a fourth amended complaint, and additionally has lodged a  fourth amended complaint with this Court.  See ECF Nos. 15, 16.  For the reasons stated below, the motion will be denied.

I.   PLAINTIFF'S REQUEST FOR LEAVE TO AMEND

In Plaintiff's request for leave to amend the complaint, he requests to substitute two named Defendants and add five more based on recent events.  ECF No. 15 at 1-2.  He also seeks to be permitted to add an additional theory of relief under state law, and that the Court exercise

1

supplemental jurisdiction over it.  Id. at 2.  Citing to Federal Rule of Civil Procedure 15(a) and Foman v. Davis, 371 U.S. 178, 182 (1962), he contends that leave to amend should be granted "freely."  ECF No. 15 at 3.

## II. RELEVANT PROCEDURAL HISTORY

### A. Original Complaint

In September 2022, Plaintiff's original complaint was docketed.  ECF No. 1.  The complaint named two individuals as defendants (see id. at 1-2) and alleged violations of right stemming from the writing of an alleged false "only rules violation report" against him (see id. at 3-5).

### B. First Amended Complaint

Several months later, in April 2023, Plaintiff requested leave to amend and lodged a first amended complaint ("FAC").  ECF Nos. 7, 8.  In May 2023, Plaintiff's request was granted.  ECF No. 9. However, at that time Plaintiff was informed that Rule 15(a) permitted him leave to amend once as a matter of course and/or when the Court granted it.  Id. at 1-2.  Plaintiff's FAC, with attachments, was one hundred and one (101) pages in length and it named two individuals as defendants.  See ECF No. 8 at 2 (Defendants named).

### C. Second Amended Complaint

Less than three months later, in July 2023, Plaintiff filed a *second* motion for leave to amend and lodged a second amended complaint ("SAC").  ECF Nos. 10, 11.  The SAC named seven individuals as defendants (ECF No. 11 at 1-3), and with attachments was forty-seven (47) pages in length.

On March 15, 2024, Plaintiff's motion to amend was granted, and Plaintiff's SAC was screened.  ECF Nos. 12, 13, respectively.  In the screening order, the Court found that the SAC failed to comply with Federal Rules of Civil Procedure 8(a)(2) and (d)(1).  ECF No. 13 at 4.  Those rules required Plaintiff's SAC to contain short and plain statements and simple concise allegations.  Because the SAC did not, Plaintiff was ordered to file a third amended complaint ("TAC").  See id.

D. Third Amended Complaint

Plaintiff's TAC was docketed in April 2024. ECF No. 14. It is sixteen pages in length and it names five individuals as defendants. See id. at 1-3. Review of the TAC is currently pending before the Court.

E. Lodged Fourth Amended Complaint

On August 22, 2024, the instant request for leave to amend and Plaintiff's lodged fourth amended complaint ("4th AC") were docketed. ECF Nos. 15, 16. A cursory review of the 4th AC indicates that it names twelve individuals as defendants (ECF No. 16 at 1-4) and with attachments is thirty-eight (38) pages in length. See id.

III. DISCUSSION

A. Applicable Law

When considering a request for leave to amend, the Court is tasked to consider any of the following factors: bad faith, undue delay, prejudice to the opposing party, and/or futility. Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010) (citation omitted); Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999). A failure to cure deficiencies in a complaint despite having been given repeated opportunities to do so also warrants the denial of a request for leave to amend. See AE ex rel. Hernandez v. Cty of Tulare, 666 F.3d 631, 636 (9th Cir. 2012).

B. Analysis

Plaintiff's request for leave to amend must be denied. This is because: (1) Plaintiff has previosly been granted leave to amend; (2) as evidenced in Plaintiff's previously filed complaints, permitting him to amend would be futile, and (3) granting Plaintiff additional opportunities to amend will unduly impact the Court's docket.

1. Leave to Amend Has Been Previously Granted Multiple Times

Plaintiff is correct. Leave to amend *is* to be granted freely. However, it is to be granted freely "when justice so requires." Fed. R. Civ. P. 15(a)(2); Foman, 371 U.S. at 182. In this case, Plaintiff has already been granted leave to amend freely. He has been granted leave to do so *three* times. See ECF Nos. 7, 10 (Plaintiff's prior requests for leave to amend); ECF Nos. 9, 12 (Court's grant of Plaintiff's leave requests); see also ECF No. 13 at (screening order directing

3

1  Plaintiff to amend in compliance with Fed. R. Civ. P. 8).  For this reason, Rule 15(a)(2) and

2  Foman in support of Plaintiff's request to amend again are not compelling authority.

3      Furthermore, two of the times the complaint has been amended has been because Plaintiff

4  has *requested* leave to do so, *not* because a pending amended complaint had been screened and

5  Plaintiff was *ordered* to amend.  Requests for leave to amend have become a pattern in this case,

6  and it clearly appears that absent intervention this pattern of endless amending will continue as

7  evidenced by the instant motion and related lodging of Plaintiff's fourth amended complaint.

8      Given these facts, denying Plaintiff's request for leave to amend would not be unjust in

9  contravention of Rule 15(a)(2).  Leave to amend must cease at some point, which is why Rule 15

10 exists.

11     2.  Grant of Leave to Amend Would Be Futile

12     Next, and of equal importance, is the fact that based on the content of Plaintiff's previous

13 pleadings, it appears that a grant of his request would be an exercise in futility.  Plaintiff has been

14 informed of the importance of submitting pleadings that comply with the short and plain

15 statement requirement of Rule 8.  See ECF No. 13 at 4 (SAC screening order).  Despite this fact,

16 the lodged 4th AC continues to not comply with Rule 8.  The complaint itself consists of twenty-

17 five (25) handwritten, single-spaced pages that raise seven claims against twelve defendants. It is

18 unorganized, difficult to follow and understand, and asserts seemingly unrelated events in

19 violation of Rules 18 and 20.  See generally ECF No. 16.

20     Significantly, Plaintiff's original complaint, filed on September 14, 2022, has at it's core

21 an alleged false RVR which Plaintiff claims was authored on September 2, 2021.  In contrast, the

22 lodged fourth amended complaint contains claims spanning events allegedly occurring from

23 September 2021 to February 2024.  For example:  Claim 1, event occurring in Sept. 2021; Claim

24 2, event(s) occurring in Feb. & July 2024; Claim 3, event(s) occurring in May 2022; Claim 6,

25 event(s) occurring from Sept. 2022 to Sept. 2023.   In addition, from a cursory read of the seven

26 claims in the lodged fourth amended complaint, it is difficult at best to see how some of the

27 claims are even remotely related to others.  For instance, Claim 6 relates to a medical problem

28 while Claim 5 asserts an ex post facto sentencing violation, neither of which relate to the claim

set forth in Plaintiff's original complaint.

In sum, much of the lodged fourth amended complaint wanders seriously far from the allegations contained in the original filed complaint and contains seemingly unrelated events. Thus, granting Plaintiff leave to amend at this stage of the proceedings, given the above, would be futile. For these reasons as well, the request will be denied.

### 3. Grant of Leave to Amend Would Unduly Impact Court's Docket

Finally, this Court has a duty to manage its docket in a manner that is just and speedy. See Fed. R. Civ. P. 1; see In re Phenylpropanolamine, 460 F.3d 1217, 1227 (9th Cir. 2006) (stating orderly and expeditious resolution of disputes is of great importance to rule of law and delay in reaching merits is costly in money, memory, manageability, and confidence in process). Granting Plaintiff leave to amend – indeed, the Court even having to consider the instant, duplicative motion – prevents the Court from spending suitable time on the many other matters currently before it which deserve equal time and review. The Court must take the rights of other litigants into consideration. See McHenry, 84 F.3d at 1180; Nevijel, 651 F.2d at 675.

### IV. CONCLUSION

In view of the above, Plaintiff's request for leave to amend the complaint will be denied. The Court will screen Plaintiff's third amended complaint in due course.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff motion for leave to amend the complaint (ECF No. 15) is DENIED, and

2. The Clerk of Court is directed to DISREGARD Plaintiff's lodged fourth amended complaint (ECF No. 16) as improperly filed.

IT IS SO ORDERED.

Dated:   **August 24, 2024**                    **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE