| | |
|---|---|
| | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MARTINEZ,<br><br>             Plaintiff,<br><br>       v.<br><br>SECRETARY OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>             Defendants. | No.  1:22-cv-01170 GSA (PC)<br><br>ORDER ACKNOWLEDGING MOTION TO COMMENCE PROCEEDINGS AND RIGHT TO DAY IN COURT<br><br>(See ECF No. 26 at 1-2)<br><br>ORDER DENYING REQUEST THAT UNITED STATES MAGISTRATE JUDGE GARY S. AUSTIN RECUSE HIMSELF FROM THESE PROCEEDINGS<br><br>28 U.S.C. §§ 144, 455<br><br>(See ECF No. 26 at 3-4)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL AS PREMATURELY FILED<br><br>(See ECF No. 26 at 4) |

     Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

     Before this Court is Plaintiff's motion addressed to the "Chief Judge of the Eastern District Court" requesting the Court to provide him with his day in court and decide "any matter

1

pending in this Court…".  See generally ECF No. 26 at 1-2.  Within the filing, Plaintiff requests reassignment of this case to another Magistrate Judge to rule on his motion for leave of Court to file a 4AC (Fourth Amended Complaint), and then have the new Magistrate Judge screen and review it "as soon as practicable." Id. at 3-4.  He further requests the appointment of counsel. Id. at 4.

For the reasons stated below, the Court will acknowledge Plaintiff's motion to commence proceedings and his right to his day in court.  See ECF No. 26 at 1-2.  However, Plaintiff's request that this matter be reassigned to another Magistrate Judge will be denied. Finally, Plaintiff's motion for appointment of counsel (see id. at 4) will be denied as prematurely filed.

I. MOTION TO COMMENCE PROCEEDINGS

A. Plaintiff's Argument

In Plaintiff's motion, he asserts that he is entitled to "have his day in court." ECF No. 26 at 1.  He states that his original complaint was filed in September 2022.  Id. at 1-2.  Since then, he notes, he has filed several amended complaints.  Id.  He also notes that his 3AC (Third Amended Complaint) has not yet been screened.  Id.  Plaintiff contends that language in 28 U.S.C. § 1915(a) which requires the Court to review matters "…as soon as practicable after docketing…" provides him a "guarantee" that his case will be commenced and prosecuted, and that the Fourteenth Amendment guarantees him due process and equal protection without discrimination. Id.

B. Applicable Law

Courts have a duty to manage their dockets in a manner that is just and speedy.  See Fed. R. Civ. P. 1; see In re Phenylpropanolamine, 460 F.3d 1217, 1227 (9th Cir. 2006) (stating orderly and expeditious resolution of disputes is of great importance to rule of law and delay in reaching merits is costly in money, memory, manageability, and confidence in process).  Both the Court and the public have an interest in the disposal of cases in an expedient manner.  See generally Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (presuming public has interest in expeditious litigation).  At the same time, however, courts also maintain broad discretion to control their dockets.  Adams v. California Dep't of Hlth. Servs., 487 F.3d 684, 688 (9th Cir.

2007); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) as amended (May 22, 1992). "District judges are best suited to decide when delay in a particular case interferes with docket management and public interest." Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984); Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1990) (quoting Ash).

### C. Analysis

Cases that come before the Court should be resolved within a reasonable time. Despite Plaintiff's belief to the contrary, and notwithstanding the heavy caseload in this District,[1] his case is being managed in a timely manner and as efficiently as possible.

Therefore, the Court will simply acknowledge Plaintiff's request to move his case forward and will screen Plaintiff's 3AC in due course.

## II. REQUEST FOR THE ASSIGNMENT OF ANOTHER MAGISTRATE JUDGE

### A. Plaintiff's Argument

As mentioned above, Plaintiff has requested in the instant motion that another Magistrate Judge preside over his case. See ECF No. 26 at 3. In an apparent misreading of the Court of Appeals ruling, Plaintiff states that the Court of Appeals ruled that the undersigned had no jurisdiction to deny his motion to file a 4AC, when in fact what the Court of Appeals ruled was that it itself lacked jurisdiction over Plaintiff's appeal as the order by the undersigned denying Plaintiff's request to file an amended complaint was not a final order and thus not appealable. See ECF No. 22. Plaintiff also argues, again incorrectly, that because he never consented to Magistrate Judge Jurisdiction the undersigned lacked authority to deny his motion. Plaintiff is mistaken. See, 28 USC Section 636(b) & Local Rule 302.

Plaintiff further asserts that his being a Mexican National should not prevent him from receiving justice in this Court. ECF No. 26 at 3. Specifically, he states that the undersigned

---

[1] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. See Office of the Clerk, United States District Court, Eastern District of California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

1  became aware that Plaintiff is a Mexican National when the undersigned reviewed his complaint,
2  and he believes that once the undersigned became aware of this the undersigned ignored his case.
3  Id.
4      Because of these assertions, and out of an abundance of caution, the Court will construe
5  Plaintiff's request as a motion to recuse.  For the reasons stated below the motion to recuse will
6  be denied and the matter will not be referred to another Magistrate Judge.
7      B.  Applicable Law
8      A party's request for a judge's recusal due to bias is governed by 28 U.S.C. §§ 144, 455.
9  The party making such a motion must file a "timely and sufficient" affidavit in support of the
10 request.  28 U.S.C. § 144.  A district judge must disqualify himself if his impartiality might be
11 reasonably questioned or if he has a personal bias or prejudice against a party.  See, 28 U.S.C. §
12 455(a), (b)(1).  If the filed affidavit for recusal is not timely or legally sufficient, the judge at
13 whom the motion is directed can determine the matter (see United States v. Scholl, 166 F.3d 964,
14 977 (9th Cir. 1999) (citation omitted)), and the recusal request can be denied (see United States v.
15 $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995)).
16     The Ninth Circuit has "held repeatedly that the challenged judge h[er]self should rule on
17 the legal sufficiency of a recusal motion in the first instance." United States v. Studley, 783 F.2d
18 934, 940 (9th Cir. 1986) (citing United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978)
19 (collecting cases)). "Whenever a party to any proceeding in a district court makes and files a
20 timely and sufficient affidavit that the judge before whom the matter is pending has a personal
21 bias [*5]  or prejudice either against him or in favor of any adverse party, such judge shall
22 proceed no further therein." 28 U.S.C. § 144. "Any justice, judge, or magistrate judge of the
23 United States shall disqualify himself in any proceeding in which his impartiality might
24 reasonably be questioned." 28 U.S.C. § 455(a). Under both recusal statutes, the substantive
25 standard is "whether a reasonable person with knowledge of all the facts would conclude that the
26 judge's impartiality might reasonably be questioned." Studley, 783 F.2d at 939 (quoting Mayes v.
27 Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (internal quotations omitted)).
28     C.  Analysis

As mentioned above, Plaintiff appears to argue that his case should be reassigned because: 1- the undersigned, allegedly by discovering that Plaintiff is a Mexican National when the undersigned read Plaintiff's complaint, has impermissibly delayed his case, and 2- that he is dissatisfied with the undersigned not granting his motion to file a 4AC (See, ECF Doc #s 15 & 17, motion to file a 4AC and denial of same, respectively).   Of note, with regard to the denial of Plaintiff's motion to file a 4AC,  "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.  Liteky v US, 510 US 540, 555 (1994).  Importantly, Plaintiff's claims of bias are entirely baseless, unfounded and purely speculative. "Section 455 does not require the judge to accept all allegations by the moving party as true. If a party could force recusal of a judge by factual allegations, the result [*6]  would be a virtual 'open season' for recusal." United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986) (citing Phillips v. Joint Legislative Comm., 637 F.2d 1014 (5th Cir. 1981)). "[A] judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." Id.

Moreover, other than being entirely false, Plaintiff's irrational and highly tenuous speculative assertions of bias fail to establish a reasonable question as to the undersigned's impartiality or that bias or prejudice exists.

Plaintiff is reminded that like any other litigant before this Court, he is required to abide by all local and federal rules and laws.  Federal Rule of Civil Procedure 11 *clearly* states that when filing signed pleadings and motions in this Court, *Plaintiff is certifying that to the best of his knowledge, information, and belief, the filings are not being presented for any improper purpose, and that the factual contentions in them have evidentiary support.*  See Fed. R. Civ. P. 11(b)(1), (3).

Therefore, the request for recusal, if such was intended by Plaintiff in this motion, and his request for reassignment to another Magistrate Judge, are denied.

### III. MOTION FOR THE APPOINTMENT OF COUNSEL

In the instant motion, Plaintiff also requests the appointment of counsel.  See ECF No. 26 at 4.  In support of the motion, Plaintiff states that his complaint raises several claims that will require extensive discovery and the retention of an expert, and that an attorney will also be

5

needed to conduct research related to prison life.  Plaintiff also asserts that he has another case before this Court, which is resulting in his inability to prosecute both of them properly.  See id.

Given that it has yet to be determined whether Plaintiff's complaint states any viable claims and is yet to be served, Plaintiff's request for the appointment of counsel is premature. Therefore, it will be denied at this time.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to commence proceedings and right to his day in court (ECF No. 26 at 1-2) is ACKNOWLEDGED.  Plaintiff's 3AC (Third Amended Complaint) will be screened in due course.

2.  Plaintiff's motion for the recusal of the undersigned and his request for reassignment of this case to another Magistrate Judge (ECF No. 26 at 3-4) are DENIED.  See 28 U.S.C. §§ 144, 455, and

3.  Plaintiff's motion for the appointment of counsel (ECF No. 26 at 4) is DENIED as PREMATURELY FILED.


IT IS SO ORDERED.

Dated:   **December 11, 2024**                        **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE

6