UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MARTINEZ,<br><br>  Plaintiff,<br><br>v.<br><br>SECRETARY OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>  Defendants. | No. 1:22-cv-01170 GSA (PC)<br><br>ORDER DENYING MOTION TO FILE FOURTH AMENDED COMPLAINT<br><br>(ECF No. 24)<br><br>ORDER DIRECTING CLERK OF COURT TO DISREGARD PLAINTIFF'S SECOND LODGED FOURTH AMENDED COMPLAINT AS IMPROPERLY FILED<br><br>(ECF No. 25) |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this Court is Plaintiff's motion for leave to file a fourth amended complaint ("4thAC"). ECF No. 24. Plaintiff has lodged the 4thAC. See ECF No. 25.

For the reasons stated below, Plaintiff's motion will be denied. In addition, the Clerk of Court will be ordered to disregard the 4thAC as improperly lodged.

I.   RELEVANT PROCEDURAL HISTORY

A. Plaintiff's Initial Unsolicited Amended Complaint

After Plaintiff's original complaint was docketed in September 2022 (see ECF No. 1)

1

1   (original complaint), Plaintiff filed a motion for leave to file an amended complaint, and along
2   with it he filed an unsolicited first amended complaint ("FAC").  See ECF Nos.7 (Motion) & 8
3   (FAC).  Thereafter, Plaintiff filed another motion to amend requesting leave to file a second
4   amended complaint ("SAC"), lodged it, and thereafter was granted leave to do so.  See ECF Nos.
5   10, 11 &12 (Plaintiff's motion for leave to amend; Plaintiff's lodged SAC; Court's grant of
6   same).
7         On March 15, 2024, Plaintiff's SAC was screened.  ECF No. 13.  In the screening order
8   the Court found that the SAC failed to comply with Federal Rule of Civil Procedure 8 as it did not
9   contain a short and plain statement as is required.  Id. at 4.  As a result, Plaintiff was ordered to
10  file a third amended complaint ("TAC").  Id.
11        On April 11, 2024, Plaintiff filed a TAC.  ECF No. 14.  However, approximately four
12  months later—without the TAC having been screened--Plaintiff filed yet another request for leave
13  to file an amended complaint and lodged with it an unsolicited 4thAC.  See ECF Nos. 15, 16
14  (Plaintiff's request for leave to file fourth amended complaint; 4thAC).  Because Plaintiff had not
15  been granted leave to file a 4thAC, on August 26, 2024, the Court denied Plaintiff's request for
16  leave to amend and disregarded Plaintiff's lodged 4thAC.  See ECF No. 17.
17        B.  Plaintiff's Appeal
18        On September 5, 2024, Plaintiff's Notice of Interlocutory Appeal which contested the
19  Court's denial of his motion to amend was docketed and processed.  ECF Nos. 18, 19.  Shortly
20  thereafter, on September 24, 2024, the Ninth Circuit dismissed Plaintiff's interlocutory appeal for
21  lack of jurisdiction.  ECF No. 22.  Specifically, citing to In re San Vicente Med. Partners Ltd.,
22  865 F.2d 1128, 1131 (9th Cir. 1989), the Appellate Court determined that because this Court's
23  order which denied Plaintiff's request for leave to file a 4thAC was neither final nor appealable,
24  the appellate court lacked jurisdiction to consider it.  Id.
25      II.  PLAINTIFF'S SECOND UNSOLICITED FOURTH AMENDED COMPLAINT
26        On October 7, 2024, following the Circuit Court's dismissal of Plaintiff's interlocutory
27  appeal, Plaintiff filed a renewed motion for leave to file a 4thAC, lodged a 4thAC, and addressed
28  his motion to the Chief Judge of this District-- apparently due to his misinterpreting of the

Appellate Court's ruling which ruled that the Appellate Court lacked jurisdiction to decide Plaintiff's interlocutory appeal, not that this Court lacked jurisdiction to decide Plaintiff's motion for leave to file a 4thAC.  ECF Nos.22 & 24. Plaintiff seemingly believes incorrectly, and concludes incorrectly, that because he was never advised by the Clerk of this Court of his right to consent to Magistrate Judge jurisdiction, and because he in fact did not consent, that this was the basis for the Appellate Court's decision finding an absence of Jurisdiction.   ECF No. 24 at 1- 2.

Finally, Plaintiff argues that Federal Rule of Civil Procedure 15(a)-(d) entitles him to amend his complaint in good faith "without causing delay or prejudices to the defendants…." ECF No. 24 at 3.

### III.  DISCUSSION

#### A.  Court's Denial of Leave to Amend Unappealable

As stated above, Plaintiff's interpretation of the Ninth Circuit's ruling on appeal is incorrect.  Contrary to Plaintiff's assertions, the Ninth Circuit dismissed Plaintiff's appeal because this Court's denial of his motion to amend did not constitute a final, appealable order. See ECF No. 22 (Ninth Circuit opinion).  As a result, pursuant to 28 U.S.C. § 1291, the Ninth Circuit dismissed Plaintiff's interlocutory appeal.

#### B. The Undersigned has Jurisdiction to Make Rulings in this Case

The undersigned has authority to issue rulings in this case.  See, 28 USC 636(b)(1)(B) and Local Rule 302.

#### C.  Court's Discretion to Deny Leave to Amend

District courts have broad discretion to deny leave to amend when a plaintiff has previously amended the complaint. See, Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)). Therefore, because Plaintiff in this case has previously been granted leave to amend (see above), it is within the discretion of the Court to deny further requests to do so.

#### D.     Plaintiff's Newly Lodged 4thAC Adds Unrelated Claims (Rule 20)

Of equal importance is Rule 20 which prohibits the adding of unrelated claims when amending a complaint.  Relevantly, a comparison of Plaintiff's original complaint with

1  Plaintiff's lodged 4thAC (ECF No. 25) reveals that Plaintiff has added additional defendants
2  and claims that were not in his original complaint.  In the original complaint, Plaintiff raises *two*
3  claims of due process violations against *two* defendants stemming from an alleged false "Only
4  Rules Violation Report" which Plaintiff claims was authored on September 2, 2021 and  later
5  "ratified" on January 22, 2022.    See generally ECF No. 1 at 1-5 (original complaint).
6  However, in the lodged 4thAC, Plaintiff raises *seven* claims against *twelve* defendants.  See
7  ECF No. 25 at 1-22.

8  Of the seven claims in the lodged 4thAC, it appears that only the first claim concerns the
9  alleged false "Only Rules Violation Report" contained in the original complaint.  See id. at 5-6.
10 As to the other 6 claims in the lodged 4thAC:  1- in **claim 2**, which is alleged to have occurred
11 on or around May 2022, concerns one of the defendants determining that Plaintiff was required
12 to serve 80% of a six-year enhancement he received in his original sentence.  Id. at 7-8;  2- in
13 **claim 3**, Plaintiff alleges that as a Mexican National he is entitled to equal treatment under the
14 law – like other inmates – and therefore should have received $200.00 in "release allowance"
15 when he was released from custody back in 1996;  3- in **claim 4**, Plaintiff raises claims
16 regarding the loss of time credits he sustained during the period of 2006-2007;  4-**claim 5**
17 concerns three alleged false rules violation reports issued in 2024, which is well after the date
18 the original complaint was filed back in September 2022;  5-  **claim 6** concerns an allegation of
19 improper RVR hearing proceedings related to a battery charge brought against Plaintiff in May
20 2022; and, 6- **claim 7** concerns a  denial of medical attention allegedly occurring between
21 September 2022 through January 2024.  Thus it appears that Claims 2 through 7 in the 4thAC
22 are all  unrelated to the claims made in the original complaint-- and therefore violative of Rule
23 20.  Per Rule 20, a Plaintiff is not permitted to add new, unrelated claims when he amends his
24 complaint.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (stating Plaintiff may not
25 change the nature of suit by alleging new, unrelated claims).

26 E.  Plaintiff Has Previously Been Granted Leaves to Amend
27 Prior to Plaintiff's original complaint being screened, he requested and was granted
28 leave to file a first amended complaint as a matter of course.  (ECF Nos. 7 & 9).  Thereafter,

and prior to the first amended complaint being screened, Plaintiff requested leave to file a second amended complaint (ECF No. 10), which was granted (ECF No. 12). Thereafter, the Court screened the second amended complaint and in the screening order directed Plaintiff to file a third amended complaint. (ECF No. 13). In compliance, on April 11, 2024, Plaintiff filed a third amended complaint. (ECF No. 14). **This is now the operative complaint which the Court intends to screen in due course.**

### V. CONCLUSION

For reasons stated above, Plaintiff's motion to file a 4thAC (ECF. No. 24) will be denied and the Clerk of Court will be directed to disregard the lodged 4thAC (ECF. No.25) as improperly filed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's second motion for leave to file a 4thAC (fourth amended complaint) (ECF No. 24) is DENIED, and

2. The Clerk of Court shall DISREGARD Plaintiff's lodged 4thAC (fourth amended complaint) (see ECF No. 25) as improperly filed.

IT IS SO ORDERED.

Dated:   **December 16, 2024**              /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE