UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MARTINEZ,[1]<br><br>  Plaintiff,<br><br>v.<br><br>SECRETARY OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>  Defendants. | No. 1:22-cv-01170 GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY IN FORMA PAUPERIS STATUS SHOULD NOT BE REVOKED CONSISTENT WITH 28 U.S.C. § 1915(g)<br><br>(ECF No. 6)<br><br>PLAINTIFF'S SHOWING OF CAUSE, OR, IN THE ALTERNATIVE, HIS PAYMENT OF THE FILING FEE IN FULL, DUE IN THIRTY DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO UPDATE COURT DOCKETING SYSTEM TO INCLUDE PLAINTIFF'S ALIAS OF "PEDRO SAUCEDO CALDERON" |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. This matter is at the screening stage of these proceedings.

For the reasons stated below, Plaintiff will be ordered to show cause why his in forma pauperis status (see ECF No. 6) (order granting same) should not be revoked consistent with 28

---

[1] As discussed herein in significant detail, Plaintiff is also known as "Pedro Saucedo Calderon."

1

U.S.C. § 1915(g) and he be required to pay the filing fee in full prior to proceeding any further with this action. In addition, the Clerk of Court shall be ordered to update the Court's docketing system to include Plaintiff's alias of "Pedro Saucedo Calderon."

## I. PLAINTIFF'S ALIAS

At the outset, and relevant to this order, the Court first takes judicial notice[2] of the fact that during his time as an inmate, Plaintiff has apparently also gone by the alias of "Pedro Saucedo Calderon." It appears that the federal court in the Central District of California ("CACD") noted this in Plaintiff's records for the first time in 1999 in Pedro Saucedo Calderon a.k.a. Carlos Martinez v. Roe, No. 2:99-cv-05238 UA (C.D. Cal. Aug. 17, 2000) ("Roe"), and that the Court continued to make a note of this alias on its docket.[3]

Furthermore, a comparison of Plaintiff's current CDCR ID number – E-16085 – with the CDCR ID number of the Plaintiff in Roe – also E-16085 – indicates that "Calderon" and Plaintiff Martinez are, in fact, the same person. Compare Roe, 2:99-cv-05238 (C.D. Cal. Aug. 17, 2000) (case caption of docket indicating alias and CDCR ID number of E-16085), with Martinez 1:22-cv-01170 GSA (instant matter) (case caption of docket also indicating same CDCR ID number of E-16085). This being the case, the Clerk of Court will be directed to update the Court's docketing system so that it includes Plaintiff's "Pedro Saucedo Calderon" alias. Thus, when determining Plaintiff's three strikes litigant status, the Court is considering cases that have been filed by Plaintiff in federal court under his "Calderon" alias.

---

[2] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[3] See Calderon v. Terhune, No. 2:99-cv-13406 CJC AGR ("Calderon") (CACD stating Calderon also known as "Carlos NMI Martinez" with same California Department of Corrections and Rehabilitation ("CDCR") ID number as Plaintiff); see also Calderon v. Dugan, No. 2:97-cv-07189 HLH EE (CACD case indicating Calderon having same CDCR ID number as Plaintiff); see also Martinez v. Director of the California Department of Corrections, No. 2:01-cv-00493 CJC AJW (CACD stating Plaintiff also known as "Pedro Saucedo Calderon" with same CDCR ID number).

## II.   IN FORMA PAUPERIS STATUS

"[In forma pauperis] status is not a constitutional right." Rodriguez v. Cook, 169 F.3d 1176, 1180 (9th Cir. 1999) (brackets added); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("To proceed in forma pauperis is a privilege not a right."). An inmate's in forma pauperis status may be revoked *at any time* if the court, either sua sponte or on a motion, determines that the status was improvidently granted. Keeton v. Marshall, No. CV 17-01213 FMO (KS), 2018 WL 4381543, at *6 (C.D. Cal. June 8, 2018) (citation omitted) (italics added); Owens v. Matthews, No. CV 16-07755 JFW (KS), 2017 WL 603183, at *2 (C.D. Cal. Jan. 6, 2017) (stating same). The grant or refusal of permission to proceed in forma pauperis is left to the sound discretion of the district court. Smart, 347 F.2d 114, 116 (9th Cir. 1963) (citing Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963)). The latitude given a district court in such matters is especially broad in civil actions by prisoners against their wardens and other officials. Smart, 347 F.2d at 116 (footnote citation omitted); Shobe v. People of State of California, 362 F.2d 545, 546 (9th Cir. 1966) (citing Smart).

## III.   THREE STRIKES RULE:  28 U.S.C. § 1915(g)

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action *and the reasons underlying it*." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (emphasis added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a

3

1  claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added). "[W]hen a

2  district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is

3  frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint

4  is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of

5  the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v.

6  Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original).  Dismissal also counts

7  as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it

8  fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an

9  amended complaint" regardless of whether the case was dismissed with or without prejudice.

10  Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

11      An inmate who has accrued three strikes is precluded from proceeding in forma pauperis

12  unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  To satisfy

13  the exception, the plaintiff must have alleged facts that demonstrate that he was "under imminent

14  danger of serious physical injury" at the time of filing the complaint.  Andrews v. Cervantes, 493

15  F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the

16  complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also

17  Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d

18  1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v.

19  O'Guin, 144 F.3d 883, 885 (5th Cir. 1998); Lipsey v. Allison, No. 1:21-cv-00912 GSA, 2021 WL

20  2390424, at *3 (E.D. Cal. June 11, 2021) ("The availability of the imminent danger exception

21  turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or

22  later time.").

23      The danger faced by a prisoner at the time of filing must be imminent or ongoing.  See,

24  e.g., Medberry, 185 F.3d at 1193 (finding plaintiff was not in either imminent or ongoing danger

25  and denying him ability to proceed in forma pauperis as three strikes litigant).  "Imminent danger

26  of serious physical injury must be a real and present threat, not merely speculative or

27  hypothetical." Lipsey, 2012 WL 2390424, at *3; Blackman v. Mjening, No. 1:16-cv-01421 LJO

28  GSA, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).  In addition, "the imminent danger

exception to the [Prison Litigation Reform Act's] three strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022) (brackets added).

### IV. PLAINTIFF'S PRIOR STRIKES

A review of court records reveals that at least three cases brought by Plaintiff qualify as strikes under Section 1915(g). The Court takes judicial notice of the following lawsuits previously filed by Plaintiff and dismissed on grounds listed in Section 1915(g) prior to him bringing the instant matter:

- Martinez v. California Department of Corrections and Rehabilitation, No. 2:08-cv-01488 UA AJW (C.D. Cal. Mar. 28, 2008) (denial of request to proceed in forma pauperis denied for failure to state a claim);[4]

- Martinez v. Director, California Dept. of Corrections and Rehabilitation, No. 2:09-cv-07155 UA AJW (C.D. Cal. Oct. 14, 2009) (denial of request to proceed in forma pauperis denied for failure to state a claim), and

- Martinez v. San Juan, No. 1:21-cv-00146 DAD EPG (E.D. Cal. June 10, 2021) (dismissal for failure to state a claim).[5]

---

[4] This dismissal counts as a strike, despite the fact that it was styled as a denial of Plaintiff's application to file the complaint without prepayment of the filing fees. See El Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016) (citing O'Neal, 531 F.3d at 1153. The dispositive order in this case clearly indicates that Plaintiff's application to proceed in forma pauperis was also denied because Plaintiff's complaint failed to state a claim upon which relief could be granted. See Martinez v. California Department of Corrections and Rehabilitation, No. 2:08-cv-01488 UA AJW (C.D. Cal. Mar. 28, 2008), ECF No. 3.

[5] Roe No. 2:99-cv-05238 UA (C.D. Cal. Aug. 17, 2000) is a case of Plaintiff's which is also likely a strike under Section 1915(g). This is because in it, Plaintiff's request to proceed in forma pauperis was denied because Plaintiff had failed to exhaust his administrative remedies prior to filing in the CACD. See Roe, ECF No. 2 (stating denial of request to proceed in forma pauperis due to failure to exhaust administrative remedies).
   Jones v. Bock, 549 U.S. 199 (2007) actively opts not to foreclose the possibility of counting such a dismissal as a strike. See id. 549 U.S. at 215-16 (stating whether a ground for dismissal constitutes a dismissal for failure to state claim depends upon whether allegations in complaint suffice to establish that ground, and declining to find that failure to exhaust cannot be basis for dismissal for failure to state claim). However, because of the inability to directly access the complaint in Roe, the Court does not include Roe in the instant three strikes analysis.

## V. DISCUSSION

Plaintiff brought[6] the instant action on August 25, 2022.[7] See ECF No. 1 at 7 (8/25/22 signature date on complaint); see also ECF No. 2 at 2 (8/25/22 signature date on application to proceed in forma pauperis). At that time, all three of the above-referenced cases had been dismissed on grounds stated in Section 1915(g). As a result, as a three strikes litigant, Plaintiff is required to pay the filing fee in full, unless at the time he brought he instant action before this Court, he made an adequate showing that he was in imminent danger of serious physical harm. See 28 U.S.C. § 1915(g) (serious physical harm requirement).

### A. No Imminent Danger Alleged in Instant Case

Plaintiff's original complaint raises two claims. First, he contends that Defendant S. Grayson, an instructor at Valley State Prison, violated his Fourteenth Amendment right to due process when he retaliated against Plaintiff by writing up a false rules violation report after Plaintiff failed to report for education testing. See ECF No. 1 at 3-4. This Plaintiff contends led to him experiencing "emotional distress, frustration, indignity, nervousness, physical injury, worry," et cetera, because he feared that he would be denied parole because of the false report. Id.

Next, Plaintiff alleges that Defendant "Secretary of the CDCR" ("Defendant Secretary") also violated his rights under the Fourteenth Amendment when the false rules violation report was "confirmed and ratified" by Defendant Secretary. Id. at 5. Plaintiff contends that the actions of Defendant Secretary also led to the same injuries and pain and suffering as the acts of Defendant Grayson did. Id.

Plaintiff seeks monetary damages. ECF No. 1 at 7. He also seeks injunctive relief in the form of reversal of the "Only Rules Violation Report" and the expungement of his records

---

[6] An action has been "brought" for purposes of Section 1915(g) when a complaint and a request to proceed in forma pauperis have been submitted to the Court. See O'Neal, 531 F.3d at 1152.

[7] The signing date of a pleading is the earliest possible filing date pursuant to the mailbox rule. See Roberts v. Marshall, 627 F.3d 768, 769 n.1 (9th Cir. 2010) (stating constructive filing date for prisoner giving pleading to prison authorities is date pleading is signed); Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005).

6

1  dealing with or relying on the false rules violation report.  Id.

2     B. Analysis

3  Neither of the above referenced claims Plaintiff has raised in the original complaint make sufficient allegations that Plaintiff was in imminent danger of serious physical harm when he filed it August of 2022.  See generally ECF No. 1.  Plaintiff does allege that because of Defendants' actions, he experienced "physical injury" (see id. at 3, 5).  However, Plaintiff fails to identify the physical injury that allegedly resulted from Defendants issuing the false rules violation report and the subsequent affirming of it on appeal.  See generally ECF No. 1.  The allegation of mental health injury is not a proper exception to the three strikes rule.  See generally 28 U.S.C. § 1915(g) (only referencing imminent *physical harm* exception).

For these reasons, Plaintiff has failed to show that he meets the imminent danger of serious physical harm exception identified in Section 1915(g).  Therefore, as a three strikes litigant, Plaintiff's in forma pauperis status must be revoked and he must pay the filing fee in full prior to proceeding any further in this action.  However, prior to making this recommendation, Plaintiff will be ordered to show cause why he believes that he is not a three strikes litigant, and explain why he is not.  As an alternative to filing the showing of cause, Plaintiff may pay the filing fee in full.[8]  Plaintiff will be given thirty days to take either course of action.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall UPDATE the docketing system to reflect that Plaintiff has also been known as "Pedro Saucedo Calderon."  See Pedro Saucedo Calderon a.k.a. Carlos Martinez v. Roe, No. 2:99-cv-05238 UA (C.D. Cal. Aug. 17, 2000);

---

[8] Prior to doing so, as a courtesy, Plaintiff is informed that it has been widely held that the Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations.  In other words, generally speaking, an inmate has no constitutional right to be free from receiving a false rules violation report.  See Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986) (stating filing of false disciplinary report against inmate not actionable under Section 1983 where procedural due process protections are provided); see also Hanrahan v. Lane, 747 F.2d 1137. 1141 (7th Cir. 1984) (stating same); see, e.g., Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (stating claims based upon falsity of charges and impropriety of defendant's involvement in grievance procedure, standing alone, do not state constitutional claims).  Prisoners are, however, entitled to be free from arbitrary actions of prison officials.  Wolff v. McDonnell, 418 U.S. 539, 558 (1974); Hanrahan, 747 F.2d at 1140 (citing Wolff).

    2.  Plaintiff is ordered to SHOW CAUSE why his in forma pauperis status (ECF No. 6) should not be REVOKED;

    3.  As an ALTERNATIVE to filing the showing of cause, Plaintiff may PAY THE FILING FEE IN FULL, and

    4.  Plaintiff shall have thirty days from the date of this order to take either course of action.

**Plaintiff is cautioned that failure to comply with this order within the time allotted may result in a recommendation that this matter be dismissed for failure to obey a court order.**

IT IS SO ORDERED.

Dated: __December 16, 2024__                               /s/ Gary S. Austin
                                                                             UNITED STATES MAGISTRATE JUDGE