UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MARTINEZ, A.K.A. PEDRO SAUCEDO CALDERON,<br><br>Plaintiff,<br><br>v.<br><br>SECRETARY OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 1:22-cv-01170 GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER DENYING PLAINTIFF'S EXTENSION OF TIME REQUEST AS MOOT<br><br>(ECF No. 30)<br><br>ORDER RECOMMENDING:<br><br>(1) PLAINTIFF'S IN FORMA PAUPERIS STATUS BE REVOKED IN LIGHT OF 28 U.S.C. § 1915(g), AND<br><br>(ECF No. 6)<br><br>(2) PLAINTIFF BE REQUIRED TO PAY THE FILING FEE IN FULL PRIOR TO PROCEEDING ANY FURTHER WITH THIS ACTION<br><br>PLAINTIFF'S OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

1

1    Before this Court are Plaintiff's motion for an extension of time to file a response to the
2 order to show cause why his in forma pauperis status should not be revoked and to file responses
3 to a number of other court orders that have issued. ECF No. 30. In addition, Plaintiff's showing
4 of cause is before the Court. ECF No. 31.

5    For the reasons stated below, Plaintiff's extension of time request will be denied as moot.
6 In addition, the undersigned will recommend that Plaintiff's in forma pauperis status be revoked,
7 consistent with 28 U.S.C. § 1915(g), and that he be required to pay the filing fee in full prior to
8 proceeding any further with this action. Plaintiff will be given fourteen days to file objections to
9 this order.

### I. PLAINTIFF'S EXTENSION OF TIME REQUEST

#### A. Relevant Facts

In Plaintiff's motion for an extension of time, Plaintiff requested additional time to file responses to: (1) an order which denied Plaintiff's request that the undersigned recuse himself (ECF No. 27); (2) an order which denied his request for the appointment of counsel (ECF No. 27); (3) an order which denied his motion to file a fourth amended complaint (ECF No. 17), and (4) the order directing him to show cause why his in forma pauperis status should not be revoked in light of 28 U.S.C. § 1915(g) or, in the alternative, his payment of the filing fee in full (ECF No. 29). ECF No. 30 at 1-2. In it, Plaintiff states that he needs additional time to research the law related to 28 U.S.C. § 1915(g), and that he also needs time to search for documents of old cases that may be at the R.J. Donovan prison in San Diego. Id. at 2.

#### B. Discussion

The Court notes that on January 22, 2024, Plaintiff's showing of cause was docketed. See ECF No. 31. Therefore, Plaintiff's request for an extension of time to do so is moot and will be denied as such.

### II. PLAINTIFF'S SHOWING OF CAUSE RE: REVOCATION OF IN FORMA PAUPERIS STATUS

On December 17, 2024, Plaintiff was ordered to show cause why his in forma pauperis status should not be revoked and he be required to pay the filing fee in full pursuant to 28 U.S.C.

2

§ 1915(g).  ECF No. 29.  On January 22, 2025, Plaintiff filed the showing of cause.  ECF No. 31.  Ultimately, in the showing of cause, Plaintiff asserts:  (1) that the Court is "judicially estopped" from considering his in forma pauperis status at this stage of the proceedings (ECF No. 31 at 6-8); (2) the Court's findings that he is a three strikes litigant is false  (id. at 9-11), and (3) the Court has not met its "burden" of establishing that Plaintiff is a three strikes litigant (id. at 11).

### III.   IN FORMA PAUPERIS STATUS

"[In forma pauperis] status is not a constitutional right."  Rodriguez v. Cook, 169 F.3d 1176, 1180 (9th Cir. 1999) (brackets added); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("To proceed in forma pauperis is a privilege not a right.").  An inmate's in forma pauperis status may be revoked *at any time* if the court, either sua sponte or on a motion, determines that the status was improvidently granted.  Keeton v. Marshall, No. CV 17-01213 FMO (KS), 2018 WL 4381543, at *6 (C.D. Cal. June 8, 2018) (citation omitted) (italics added); Owens v. Matthews, No. CV 16-07755 JFW (KS), 2017 WL 603183, at *2 (C.D. Cal. Jan. 6, 2017) (stating same).  The grant or refusal of permission to proceed in forma pauperis is left to the sound discretion of the district court.  Smart, 347 F.2d 114, 116 (9th Cir. 1963) (citing Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963)).  The latitude given a district court in such matters is especially broad in civil actions by prisoners against their wardens and other officials.  Smart, 347 F.2d at 116 (footnote citation omitted); Shobe v. People of State of California, 362 F.2d 545, 546 (9th Cir. 1966) (citing Smart).

### IV.   THREE STRIKES RULE:  28 U.S.C. § 1915(g)

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court

1    looks to the dismissing court's action *and the reasons underlying it*." Knapp v. Hogan, 738 F.3d
2    1106, 1109 (9th Cir. 2013) (brackets added) (emphasis added) (citation omitted).  "[Section]
3    1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful
4    evaluation of the order dismissing an action, and other relevant information, the district court
5    determines that the action was dismissed because it was frivolous, malicious or failed to state a
6    claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added). "[W]hen a
7    district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is
8    frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint
9    is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of
10   the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v.
11   Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original).  Dismissal also counts
12   as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it
13   fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an
14   amended complaint" regardless of whether the case was dismissed with or without prejudice.
15   Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

16    An inmate who has accrued three strikes is precluded from proceeding in forma pauperis
17   unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  To satisfy
18   the exception, the plaintiff must have alleged facts that demonstrate that he was "under imminent
19   danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493
20   F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the
21   complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also
22   Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d
23   1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v.
24   O'Guin, 144 F.3d 883, 885 (5th Cir. 1998); Lipsey v. Allison, No. 1:21-cv-00912 GSA, 2021 WL
25   2390424, at *3 (E.D. Cal. June 11, 2021) ("The availability of the imminent danger exception
26   turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or
27   later time.").

28    The danger faced by a prisoner at the time of filing must be imminent or ongoing. See,

e.g., Medberry, 185 F.3d at 1193 (finding plaintiff was not in either imminent or ongoing danger and denying him ability to proceed in forma pauperis as three strikes litigant).  "Imminent danger of serious physical injury must be a real and present threat, not merely speculative or hypothetical." Lipsey, 2012 WL 2390424, at *3; Blackman v. Mjening, No. 1:16-cv-01421 LJO GSA, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).  In addition, "the imminent danger exception to the [Prison Litigation Reform Act's] three strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022) (brackets added).

### V.   PLAINTIFF'S PRIOR STRIKES

A review of court records reveals that at least three cases brought by Plaintiff qualify as strikes under Section 1915(g).  The Court takes judicial notice of the following lawsuits previously filed by Plaintiff and dismissed on grounds listed in Section 1915(g) prior to him bringing the instant matter:

- Martinez v. California Department of Corrections and Rehabilitation, No. 2:08-cv-01488 UA AJW (C.D. Cal. Mar. 28, 2008) (denial of request to proceed in forma pauperis denied for failure to state a claim);[1]

- Martinez v. Director, California Dept. of Corrections and Rehabilitation, No. 2:09-cv-07155 UA AJW (C.D. Cal. Oct. 14, 2009) (request to proceed in forma pauperis denied for failure to state a claim), and

- Martinez v. San Juan, No. 1:21-cv-00146 DAD EPG (E.D. Cal. June 10, 2021) (dismissal for failure to state a claim).[2]

---

[1] This dismissal counts as a strike, despite the fact that it was styled as a denial of Plaintiff's application to file the complaint without prepayment of the filing fees. See El Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016) (citing O'Neal, 531 F.3d at 1153).  The dispositive order in this case clearly indicates that Plaintiff's application to proceed in forma pauperis was also denied because Plaintiff's complaint failed to state a claim upon which relief could be granted. See Martinez v. California Department of Corrections and Rehabilitation, No. 2:08-cv-01488 UA AJW (C.D. Cal. Mar. 28, 2008), ECF No. 3.

[2] Calderon v. Roe No. 2:99-cv-05238 UA (C.D. Cal. Aug. 17, 2000) ("Roe") is a case of Plaintiff's which is also likely a strike under Section 1915(g).  This is because in it, Plaintiff's request to proceed in forma pauperis was denied because Plaintiff had failed to exhaust his administrative remedies prior to filing in the CACD. See Roe, ECF No. 2 (stating denial of

## VI. DISCUSSION

### A. Plaintiff's Three Strikes Existed Prior to Him Bringing This Suit

Plaintiff brought[3] the instant action on August 25, 2022.[4] See ECF No. 1 at 7 (8/25/22 signature date on complaint); see also ECF No. 2 at 2 (8/25/22 signature date on application to proceed in forma pauperis). At that time, all three of the above-referenced cases had been dismissed on grounds stated in Section 1915(g). As a result, as a three strikes litigant, Plaintiff is required to pay the filing fee in full, unless at the time he brought he instant action before this Court, he made an adequate showing that he was in imminent danger of serious physical harm. See 28 U.S.C. § 1915(g) (serious physical harm requirement).

### B. No Imminent Danger Alleged in Instant Case

Plaintiff's original complaint raises two claims. First, he contends that Defendant S. Grayson, an instructor at Valley State Prison, violated his Fourteenth Amendment right to due process when he retaliated against Plaintiff by writing up a false rules violation report after Plaintiff allegedly failed to report for education testing. See ECF No. 1 at 3-4. Plaintiff contends this led to him experiencing "emotional distress, frustration, indignity, nervousness, physical injury, worry," et cetera, because he feared that he would be denied parole because of the false report. Id.

Next, Plaintiff alleges that Defendant "Secretary of the CDCR" ("Defendant Secretary") also violated his rights under the Fourteenth Amendment when the false rules violation report was

---

request to proceed in forma pauperis due to failure to exhaust administrative remedies).
   Jones v. Bock, 549 U.S. 199 (2007) actively opts not to foreclose the possibility of counting such a dismissal as a strike. See id. 549 U.S. at 215-16 (stating whether a ground for dismissal constitutes a dismissal for failure to state claim depends upon whether allegations in complaint suffice to establish that ground, and declining to find that failure to exhaust cannot be basis for dismissal for failure to state claim). However, because of the inability to directly access the complaint in Roe, the Court does not include Roe in the instant three strikes analysis.
[3] An action has been "brought" for purposes of Section 1915(g) when a complaint and a request to proceed in forma pauperis have been submitted to the Court. See O'Neal, 531 F.3d at 1152.
[4] The signing date of a pleading is the earliest possible filing date pursuant to the mailbox rule. See Roberts v. Marshall, 627 F.3d 768, 769 n.1 (9th Cir. 2010) (stating constructive filing date for prisoner giving pleading to prison authorities is date pleading is signed); Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005).

6

"confirmed and ratified" by Defendant Secretary. ECF No. 1 at 5. Plaintiff contends that the actions of Defendant Secretary also led to the same injuries and pain and suffering as the acts of Defendant Grayson did. Id.

Plaintiff seeks monetary damages. ECF No. 1 at 7. He also seeks injunctive relief in the form of the expungement of his records as they relate to the alleged false rules violation report. Id.

### C. Analysis

#### 1. No Imminent Danger Alleged in Either Claim

Neither of the above referenced claims Plaintiff has raised in the original complaint make sufficient allegations that Plaintiff was in imminent danger of serious physical harm when he "brought" it August of 2022. See generally ECF No. 1. Plaintiff does allege that because of Defendants' actions, he experienced "physical injury" (see id. at 3, 5). However, Plaintiff fails to identify the physical injury that resulted from Defendants issuing the alleged false rules violation report against him and then affirming its issuance on appeal. See generally ECF No. 1. The allegation of mental health injury is not a proper exception to the three strikes rule. See generally 28 U.S.C. § 1915(g) (only referencing imminent *physical harm* exception); see also Sanders v. Melvin, 873 F.3d 957, 959-60 (7th Cir. 2017) (stating prisoner's claimed deteriorating mental state does not establish imminent danger of serious physical harm to satisfy exception to three strikes rule).

#### 2. Plaintiff's Showing of Cause Fails to Successfully Refute the Court's Three Strikes Finding

Furthermore, none of the arguments that Plaintiff has made in his showing of cause counter the finding that he is a three strikes litigant within the meaning of Section 1915(g). To the extent that Plaintiff is intending to argue in his showing that the Court cannot grant in forma pauperis status and later revoke it, this argument is incorrect.

First, Plaintiff has no constitutional right to in forma pauperis status. Rodriguez, 169 F.3d at 1180. Second, a court may raise the Section 1915(g) issue sua sponte. See, e.g., Andrews, 398 F.3d at 1121 (stating district court may review past orders to determine if they were dismissed

7

1 because they were frivolous, malicious or they failed to state a claim); see also Keeton, 2018 WL
2 4381543, at *6; Owens, 2017 WL 603183, at *2; Upton v. Schwarzenegger, No. ED CV 10-631
3 AB (PJW), 2015 WL 13916135, at *1 (C.D. Cal. May 29, 2015), report and recommendation
4 adopted, No. ED CV 10-631 AB (PJW), 2015 WL 13916124 (C.D. Cal. June 25, 2015).  Finally,
5 "[a]n order granting in forma pauperis status in error does not serve to remove a [Section]
6 1915(g) bar."  Thomas v. Woodford, No. CIV S 06-1477 FCD DAD (P), 2006 WL 3437525, at
7 *1 (E.D. Cal. Nov. 27, 2006), report and recommendation adopted, No. CIV S 06-1477 FCD
8 DAD (P), 2007 WL 1289871 (E.D. Cal. Apr. 30, 2007) (brackets added); see Johnson v.
9 McDowell, No. EDCV 17-02054 VAP PJW, 2018 WL 11462079, at *1 (C.D. Cal. Oct. 16,
10 2018), report and recommendation adopted, No. CV 17-02054 VAP PJW, 2018 WL 11462073
11 (C.D. Cal. Dec. 31, 2018) (stating Court may consider IFP application later when provided with
12 information it did not have at time it ruled on application, and citing to Entler v. Wendt, No. 12-
13 963 MJP, 2013 WL 2422750 (W.D. Wa. June 3, 2013) as example of same).
14        For these reasons, Plaintiff has failed to show that he meets the imminent danger of
15 serious physical harm exception identified in Section 1915(g).  As a result, the undersigned will
16 recommend that Plaintiff's in forma pauperis status be revoked and that he be required to pay the
17 filing fee in full prior to proceeding any further in this action.
18        Accordingly, IT IS HEREBY ORDERED that:
19        1.  The Clerk of Court shall randomly assign a District Judge to this action, and
20        2.  Plaintiff's extension of time request (ECF No. 30) is DENIED as moot.
21        IT IS FURTHER RECOMMENDED that:
22        1.  Consistent with Plaintiff's three strikes litigant status as defined in 28 U.S.C. §
23 1915(g), Plaintiff's in forma pauperis status (ECF No. 6) be REVOKED consistent with 28
24 U.S.C. 1915(g), and
25        2.  Plaintiff be ordered to pay the filing fee in full prior to proceeding any further with
26 this action.
27        These findings and recommendations are submitted to the United States District Judge
28 assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

The Court will not consider exhibits attached to the objections. To the extent that a party wishes to refer to any exhibit, when possible, the party must reference the exhibit in the record by its CM/ECF document and page number or reference the exhibit with specificity. Any pages filed in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations. A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal. See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 27, 2025**                    /s/ Gary S. Austin
                                                UNITED STATES MAGISTRATE JUDGE