**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

CARLOS MARTINEZ, A.K.A., PEDRO SAUCEDO CALDERON,

Plaintiff,

v.

SECRETARY OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,

Defendants.

Case No. 1:22-cv-1170 JLT GSA (PC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, REVOKING PLAINTIFF'S *IN FORMA PAUPERIS* STATUS, AND DIRECTING PLAINTIFF TO PAY THE FILING FEE WITHIN 30 DAYS

(Doc. 33)

Carlos Martinez, also known as Pedro Saucedo Calderon, asserts that he suffered violations of his civil rights while incarcerated at Valley State Prison. (*See* Doc. 14.) For the reasons set forth below, Plaintiff's *in forma pauperis* status is **REVOKED** and he shall pay the filing fee to proceed with this matter.

## I. Background

The Court granted Plaintiff's request to proceed *in forma pauperis* shortly after he initiated this action in September 2022. (Doc. 6.) However, the Court recently learned that Plaintiff filed other actions in the Central District of California—which Plaintiff did not identify in his initial complaint listing prior actions (*see* Doc. 1 at 2)—and the dismissals by the Central District qualify as strikes under 28 U.S.C. § 1915(g). Accordingly, the magistrate judge ordered Plaintiff to show cause why his *in forma pauperis* status should not be revoked. (Doc. 29.) After

receiving Plaintiff's response, the magistrate judge issued Findings and Recommendations, recommending the Court revoke Plaintiff's *in forma pauperis* status. (Doc. 33.)

## **II. Findings and Recommendations**

The magistrate judge found Plaintiff had at least three cases that qualify as strikes under Section 1915(g), including:

> 1. *Martinez v. California Dept. of Corrections and Rehabilitation*, Case No. 2:08-cv-01488 UA AJW (C.D. Cal. Mar. 28, 2008) (denial of request to proceed IFP denied for failure to state a claim);
>
> 2. *Martinez v. Director, California Dept. of Corrections and Rehabilitation*, Case No. 2:09-cv-07155 UA AJW (C.D. Cal. Oct. 14, 2009) (request to proceed IFP denied for failure to state a claim); and
>
> 3. *Martinez v. San Juan*, Case No. 1:21-cv-00146 DAD EPG (E.D. Cal. June 10, 2021) (dismissal for failure to state a claim).

(*See* Doc. 33 at 5.) The magistrate judge also observed that *Calderon v. Roe*, Case No. 2:99-cv-05238 UA (C.D. Cal. Aug. 17, 2000), "is also likely a strike under Section 1915(g)… because in it, Plaintiff's request to proceed in forma pauperis was denied because Plaintiff had failed to exhaust his administrative remedies prior to filing in the CACD." (*Id.* at 5, n.2.) The magistrate judge found each of the identified cases were dismissed prior to the filing of the current matter, and as a result Plaintiff qualified as "a three strikes litigant [who] is required to pay the filing fee in full, unless at the time he brought he instant action before this Court, he made an adequate showing that he was in imminent danger of serious physical harm." (*Id.* at 6.)

The magistrate judge reviewed the allegations of Plaintiff's initial complaint and found the claims raised involved a falsified rules violation report. (Doc. 33 at 6-7.) The magistrate found Plaintiff did not identify a physical injury that resulted from the alleged falsified report, and did not show imminent danger of serious physical harm. (*Id.* at 7.) Furthermore, the magistrate judge found Plaintiff's response to the order to show cause did not counter the three-strikes determination or show the exception to Section 1915(g) applies. (*Id.* at 7-8.) Therefore, the magistrate judge recommended the Court revoke Plaintiff's *in forma pauperis* status and order Plaintiff to pay the filing fee in full to proceed with this action. (*Id.* at 8.)

///

**III. Objections**

Plaintiff filed objections to the Findings and Recommendations, raising seven enumerated objections. (Doc. 34 at 1-7.) First, Plaintiff contends the magistrate judge committed "clear errors by presiding and deciding matters concerning this action without the consent of the parties…" (*Id.* at 1-2.) He asserts the Court thus should "set aside all the orders and findings that the magistrate has decided and … assign the case to any other available magistrate judge…." (*Id.* at 2.) Second, Plaintiff asserts that the magistrate judge also "was powerless to review his decision from September 22, 2022, granting IFP to Plaintiff as conclusive and preclusive final judgment under either … judicial estoppel, collateral estoppel, equitable estoppel, issue preclusion, res judicata, law of the case, or apply the Full Faith and Credit Clause of the U.S. Constitution, Art. IV, Section 1." (*Id.* at 3.) Third, Plaintiff asserts the Court should "set aside" the conclusion that he has three strikes, "because Plaintiff cannot tell or challenge from the record" whether the identified Central District matters qualify as strikes. (*Id.* at 4.) Fourth, Plaintiff asserts the dismissal in *Calderon v. Roe* was not a strike, "because there is no []clear and unequivocal evidence that *Roe* was denied or dismissed … [under] any ground listed in Section 1915(g)." (*Id.* at 5.) Fifth, Plaintiff contends the dismissals from the Central District also should not count as strikes because the court did not "show[] the substance of [the] denials" of his IFP requests. (*Id.* at 5-6.) Sixth, Plaintiff asserts the magistrate judge erred by imposing a page limit and prohibiting exhibits for the objections, because this "violates Plaintiff's First, Fifth, and Seventh Amendments [rights]…." (*Id.* at 6.) Seventh, Plaintiff argues the magistrate judge demonstrated "implicit and explicit bias" in this action. (*Id.* at 7; *see also id.* at 6-11.) He ultimately requests the Court "set aside" the findings of the magistrate judge, including all orders issued by the magistrate judge. (*See id.* at 11.)

**IV. Discussion and Analysis**

A district judge may "accept, reject or modify, in whole or in part, the findings and recommendations..." 28 U.S.C. § 636(b)(1). If a party files objections, "the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." *Id.* A de novo review requires the Court to

"consider[] the matter anew, as if no decision had been rendered." *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).

**A. Authority of the magistrate judge**

As an initial matter, Plaintiff's consent was not required for the magistrate judge to take action in this case. A magistrate judge is vested with the authority "to hear and determine any pretrial matter pending before the court" except motions "for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C. 636(b)(1). Even with excepted and dispositive matters, a magistrate judge may "submit to a judge of the court proposed findings of fact and recommendations" to the district judge without the parties' consent. 28 U.S.C. 636(b)(1)(B).

The magistrate judge did not issue dispositional order, or act beyond the scope of his authority. Thus, the magistrate judge did not act improperly in addressing Plaintiff's *in forma pauperis* status and issuing the pending Findings and Recommendations. *See* 28 U.S.C. 636(b)(1)(B); *see also Gallegos v. Cal. Dep't of Corr. & Rehab*., 2023 WL 3168360, at *1 (E.D. Cal. Apr. 28, 2023) ("plaintiff's purported 'declination' to magistrate judge jurisdiction has no impact on the assigned magistrate judge's authority to issue findings and recommendations …."). Plaintiff's objections related to consent and the authority of the magistrate judge are unavailing.

**B. Review of IFP status**

Plaintiff contends the order granting IFP status was a "final judgment" and revocation of it violates his constitutional rights, as well as several legal doctrines. (Doc. 34 at 3.) However, as the Ninth Circuit explained, "IFP status is not a constitutional right." *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999); *see also Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) (proceeding IFP "is a privilege not a right"). Contrary to Plaintiff's assertions, permission to proceed IFP is not "final" and "courts have the discretion to revoke that privilege." *Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996) (citation omitted). "An inmate's in forma pauperis status may be revoked *at any time* if the court, either sua sponte or on a motion, determines that

the status was improvidently granted." *Smith v. Fresno Cnty. Jail*, 2025 WL 401181 (E.D. Cal. Jan. 21, 2025) (citations omitted, emphasis added). Because the Court is entitled to review a plaintiff's IFP status sua sponte, the objection on this ground is without merit.

**C. Page limit**

Plaintiff contends the magistrate judge erred by imposing a page limit on his objections. (Doc. 34 at 6.) Notably, "[i]t is not uncommon for courts to impose page limits, even for pleadings." *Gjovik v. Apple Inc.*, 2024 WL 5049090, at *1 (N.D. Cal. Nov. 20, 2024). "Page limits promote judicial economy and 'encourage litigants to hone their arguments and to eliminate excessive verbiage.'" *Lacomba v. Eagle Home Loans & Inv. LLC*, 2023 WL 6201597, at *1 (E.D. Cal. Sept. 21, 2023) (quoting *Fleming v. County of Kane*, 855 F.2d 496, 497 (7th Cir. 1988) (citation omitted)). Moreover, courts have concluded that page limits do not violate a litigant's constitutional rights. *Watts v. Thompson*, 116 F.3d 220, 224 (7th Cir. 1997) ("[e]nforcing page limits and other restrictions on litigants is [a] rather ordinary practice" that does not violate due process"); *Brooks v. Colo. Dept' of Corr.*, 762 Fed. Appx. 551, 555 (10th Cir. 2019) (finding a page limit imposed by the district court did not violate the plaintiff's constitutional rights); *Lewis v. Florida Dep't of Corr*., 739 Fed. Appx. 585, 585 (11th Cir. 2018) (rejecting "as frivolous" the argument that a page limit was unconstitutional). Therefore, Plaintiff's assertion that the page limit violated his constitutional rights is unavailing.

As the Ninth Circuit explained, judicial "resources are limited. In order to give fair consideration to those who call upon us for justice, we must insist that parties not clog the system by presenting … a slubby mass of words rather than a true brief." *N/S Corp. v. Liberty Mut. Ins. Co*., 127 F.3d 1145, 1146 (9th Cir. 1997). Towards this end, courts impose various sanctions for failure to comply with the imposed limits, including striking a brief entirely or declining to consider pages beyond the limit. *See Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996) (affirming the district court's decision to strike a brief that did not comply with the page limit); *King Cnty. v. Rasmussen*, 143 F.Supp.2d 1225 (W.D. Wash. 2001) (striking only the portion of the filing that exceeded local rule page limitation), *aff'd*, 299 F.3d 1077 (9th Cir. 2002). Consistent with this, the Court exercises its discretion to disregard the exhibits—including

LexisNexis summaries of the Central District's dockets—that caused Plaintiff's objections to exceed the page limit imposed. *See N/S Corp.*, 127 F.3d at 1146; *Swanson*, 87 F.3d at 345.

**D. Qualifying strikes**

Title 28 U.S.C. § 1915(g) is part of the Prison Litigation Reform Act, which was intended to address the overwhelming number of lawsuits by prisoners and eliminate frivolous actions. *See Lomax v. Ortiz-Marquez*, 590 U.S. 595, 597 (2020) (the PLRA was enacted "[t]o help staunch a 'flood of nonmeritorious' prisoner litigation") (citation omitted). Under the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Pursuant to the "Three Strikes" provision of the PLRA:

> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). To determine whether a dismissal qualifies as a strike "the reviewing court looks to the dismissing court's action and the reasons underlying it." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).

As noted above, the magistrate judge found Plaintiff had three strikes with the dismissals in the following actions: (1) *Martinez v. Cal. Dep't. of Corrections and Rehabilitation*, Case No. 2:08-cv-01488 UA AJW (C.D. Cal. Mar. 28, 2008); (2) *Martinez v. Director, Cal. Dept. of Corrections and Rehabilitation*, Case No. 2:09-cv-07155 UA AJW (C.D. Cal. Oct. 14, 2009); and (3) *Martinez v. San Juan*, Case No. 1:21-cv-00146 DAD EPG (E.D. Cal. June 10, 2021).[1] Plaintiff concedes the dismissal in *San Juan* was a strike. (Doc. 34 at 11.) However, he maintains this was his *only* strike, and the Court should not count the dismissals in the matters

---

[1] The records of court proceedings cannot reasonably be questioned, and judicial notice may be taken of the Court's record and docket. *Mullis v. U.S. Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981). Therefore, the Court takes judicial notice of the dockets in three identified actions, including the recommendations and orders issued by the courts.

before the Central District. (*Id.* at 4-6.)

In *Martinez v. Cal. Dep't. of Corrections and Rehabilitation*, Case No. 2:08-cv-01488 UA AJW (C.D. Cal. Mar. 28, 2008), the court screened Plaintiff's civil rights complaint in connection with his application to proceed IFP. (Case No. 2:08-cv-01488, Doc. 3 at 1.) The court observed the CDCR was the only defendant named in the caption but found the CDCR had immunity under the Eleventh Amendment. (*Id.*, citing, *e.g.*, *Idaho v. Cour d'Alene Tribe of Idaho*, 521 U.S. 261, 267-278 (1997).) The court also found Plaintiff's claims were barred under *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) and *Heck v. Humphrey*, 512 U.S 477, 486-487 (1994). (*Id.*) Thus, the court concluded the complaint should be dismissed for "[f]ailure to state a claim upon which relief may be granted." (*Id*, citing 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) [emphasis omitted].) Notably, Section 1915(e)(2)(B)(ii) provides that a "court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted." Similarly, Section 1915A(b)(1) indicates dismissal is appropriate for a complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." Contrary to Plaintiff's assertions, the court explicitly determined Plaintiff failed to state a claim and explained its findings, including Eleventh Amendment immunity and that the claims raised were barred. The court adopted the findings and recommendations, denied Plaintiff's request to proceed IFP, and terminated the case on March 28, 2008. (*Id.*; *see also* Doc. 4 at 1.) Based upon the findings of the Central District, the case termination qualifies as a strike under Section 1915(g). *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (dismissal based on a denial of IFP status qualifies as a strike when "the denial of IFP status [is] based on one of the enumerated grounds" in Section 1915(g)); *see also Washington v. Los Angeles County Sheriff's Department*, 833 F.3d 1048, 1055 (9th Cir. 2016) (when it "is obvious from the face of a complaint" that an action is barred by *Heck*, dismissal of the case qualifies as a strike for failure to state a claim).

In *Martinez v. Director, Cal. Dept. of Corrections and Rehabilitation*, Case No. 2:09-cv-07155 UA AJW (C.D. Cal. Oct. 14, 2009), the court screened Plaintiff's claims due to his request to proceed IFP. (Case No. 2:09-cv-07155, Doc. 2.) The record again contradicts Plaintiff's claim that the Central District did not explain its denial of his application to proceed IFP. The court

noted that Plaintiff was "attempting to sue state prison officials for damages and declaratory relief for violating his Fourteenth Amendment due process rights" related to an assessment of "unfavorable classification points." (*Id.*) The Court found Plaintiff did not allege facts sufficient to support a conclusion that he had a protected liberty interest and suffered a violation of his due process rights. (*Id.*, citing *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007). The Court concluded: "plaintiff's allegations do not state a facially plausible claim demonstrating that he is entitled to relief." (*Id.*, citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556, 570 (2007).) Therefore, the magistrate judge recommended Plaintiff's application to proceed IFP be denied for "[f]ailure to state a claim upon which relief may be granted." (*Id*, citing 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) [emphasis omitted].) The court adopted the findings and recommendation, denied his IFP request, and terminated the action on October 9, 2009. (*Id.*) Again, the Central District clearly found Plaintiff failed to state a cognizable claim, which resulted in the denial of the IFP request and case termination. This also qualifies as a strike under Section 1915(g). *See El-Shaddai*, 833 F.3d at 1042.

Because the dismissals in Case Nos. 2:08-cv-01488 and 2:09-cv-07155 qualify as strikes—and Plaintiff concedes the dismissal by this Court in *Martinez v. San Juan*, Case No. 1:21-cv-00146 DAD EPG also qualified as a strike—the Court finds the magistrate judge did not err in finding Plaintiff had three strikes under Section 1915(g).[2]

**E. Alleged bias**

Plaintiff contends that the magistrate judge exhibited "implicit and explicit bias" against him and requests re-assignment of the matter. (Doc. 34 at 7; *id.* at 11.) Plaintiff bases his assertions of bias upon the rulings and actions of the magistrate judge in this case. (*See id.* at 6-11.) Disagreements with the Court's rulings do not support either assertions of bias or a request for disqualification of a judge, because assertions of bias must be predicated upon an extrajudicial source. *See Liteky v. United States*, 510 U.S. 540, 553 (1994) ("judicial rulings alone almost

[2] For this reason, the Court declines to address Plaintiff's objections related to the dismissal of *Calderon v. Roe* qualifying as a strike. Nevertheless, the Court notes that though the magistrate judge indicated the dismissal of *Roe* was "also likely a strike," the magistrate judge elected to "not include [the case] in the … three strikes analysis." (Doc. 33 at 6-7, n.2.)

never constitute a valid basis for a bias or partiality motion," because "they cannot possibly show reliance upon an extrajudicial source"); *see also Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988) ("conduct or rulings made during the course of the proceeding" alone will not support a motion to disqualify"). Accordingly, Plaintiff's assertions of bias are without merit, and his request for reassignment is denied.

**F. Request to set aside orders**

Plaintiff requests to "[s]et aside all orders" by the magistrate judge in this action or, in the alternative, "[s]et aside all orders made… after third complaint was filed" on April 11, 2024. (Doc. 34 at 11.) A district judge will not set aside a magistrate judge's order on a non-dispositive matter unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Parties must file a motion for reconsideration within 14 days of the magistrate judge's ruling. Fed. R. Civ. P. 72(a); Local Rule 303(b). "A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a).

Even if the Court limited Plaintiff's request to set aside orders issued after the filing of the third amended complaint, the request envelops orders issued on August 26, 2024 (Doc. 17); September 30, 2024 (Doc. 23); December 12, 2024 (Doc. 27); and December 17, 2024 (Docs. 28, 29). Plaintiff's request to set aside "all orders" is clearly untimely, as his request is beyond the fourteen-day deadline imposed by Rule 72 for each of the challenged orders. Therefore, the request is denied as untimely. *See, e.g., Thai Lao Lignite (Thail.) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 517-18 (S.D.N.Y. 2013) (declining to consider objections filed only one day after Rule 72(a)'s deadline as untimely); *Lee v. Mitchell*, 2015 WL 13918887, at *1 (C.D. Cal. Nov. 23, 2015) (finding objections made more than fourteen days after the magistrate judge issued the challenged order were time-barred).

**IV. Conclusion and Order**

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter— including Plaintiff's objections—the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

///

Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated January 28, 2025 (Doc. 33) are **ADOPTED** in full.
2. Plaintiff's *in forma pauperis* status is **REVOKED**.
3. Plaintiff's request for case re-assignment to another magistrate judge is **DENIED**.
4. Plaintiff's request to set aside prior orders in this action is **DENIED**.
5. Plaintiff **SHALL** pay the filing fee in full—a total of **$402.00**, which was the filing fee amount at the time Plaintiff filed this action—within 30 days of the date of service of this order.

**Failure to comply with this order will result in the action being dismissed without prejudice**.

IT IS SO ORDERED.

Dated: **February 21, 2025**

UNITED STATES DISTRICT JUDGE