UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MARTINEZ, A.K.A. PEDRO SAUCEDO CALDERON,<br><br>Plaintiff,<br><br>v.<br><br>SECRETARY OF CALIFORNIA DEPARMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 1:22-cv-01170 JLT GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT<br><br>(Doc. 36)<br><br>PLAINTIFF'S PAYMENT OF THE FILING FEE IN FULL OR, IN THE ALTERNATIVE, HIS VOLUNTARY DISMISSAL OF THIS CASE, DUE IN THIRTY DAYS |

I. **INTRODUCTION**

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On February 21, 2025, the Court revoked Plaintiff's in forma pauperis status after determining that he is a "three-strikes" litigant within the meaning of 28 U.S.C. § 1915(g). (*See* Docs. 33, 35.)

Before this Court is Plaintiff's motion for relief pursuant to Federal Rule of Civil Procedure 60(b) from the determination that he is a three strikes litigant. (Doc. 36.) The Court also considers the substantive content of Plaintiff's motion for leave to file supplemental pleadings. (*See* Doc. 37.)

1

1    For the reasons stated below, Plaintiff's motion is **DENIED**, and Plaintiff is again
2  **ORDERED** to pay the filing fee in full within 30 days prior to proceeding any further in this
3  action. **Plaintiff is also reminded that in the alternative, he may voluntarily dismiss this**
4  **matter pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).**

5  **II.    RELEVANT PROCEDURAL HISTORY**

6    On September 19, 2022, Plaintiff was granted in forma pauperis status. (Doc. 6.) On
7  December 17, 2024, after determining that Plaintiff was a three strikes litigant within the meaning
8  of 28 U.S.C. § 1915(g), the assigned magistrate judge ordered Plaintiff to show cause why his in
9  forma pauperis status should not be revoked and why he should not instead be required to pay the
10 filing fee in full prior to proceeding with this case. (Doc. 29.)

11    On January 22, 2025, Plaintiff responded to the order to show cause. (Doc. 31.) After
12 considering that response, the magistrate judge recommended that Plaintiff's in forma pauperis
13 status be revoked and that he be required to pay the filing fee in full. (*See* Doc. 33.) On February
14 21, 2025, this Court adopted the findings and recommendations in full, revoked Plaintiff's in
15 forma pauperis status, and directed Plaintiff to pay the filing fee in full within 30 days. (*Id.* at 10.)

16    On March 3, 2025, Plaintiff moved for relief from the Court's February 21, 2025 order.
17 (*See* Doc. 36.) Subsequently, the magistrate judge granted (Doc. 38) Plaintiff's March 28, 2025
18 request that the Court consider additional information. (*See* Doc. 37.)

19 **III.   PLAINTIFF'S MOTION FOR RELIEF AND SUPPLEMENTAL PLEADING**

20     A.    Plaintiff's Motion for Relief from Judgment

21    In his request for relief from judgment, Plaintiff generally contends that two of the case
22 dismissals the Court determined are strikes—*Martinez v. California Department of Corrections*
23 *and Rehabilitation*, No. 2:08-cv-01488 (C.D. Cal. Mar. 28, 2008) ("*Martinez I*"), and *Martinez v.*
24 *Director, California Department of Corrections and Rehabilitation*, No. 2:09-cv-07155 UA AJW
25 (C.D. Cal. Oct. 14, 2009) ("*Martinez II*"), were not his cases. (*See generally* Doc. 36 at 1-3.) As a
26 result, Plaintiff argues he is entitled to relief under Rules 60(b)(1), (4), (6) and (d)(1). (*Id.* at 3-4.)

27     B.    Plaintiff's March 28, 2025 Filing

28    In Plaintiff's March 28, 2025 filing, Plaintiff retracts his assertion that *Martinez I* and

*Martinez II* are not his cases. (*See generally* Doc. 37 at 1-4.) However, despite having acknowledged that the two cases were, in fact, filed by him, Plaintiff argues that because both matters relate to the reduction and/or assessment of his classification points, they are "related," and as such, they should only be considered one strike under Section 1915(g). (*See id.* at 3-4.) Plaintiff, however, provides no case law, statutes, or federal rules in support of this argument. (*See generally id.*)

Plaintiff further claims that "the first case"[1] was dismissed for lack of jurisdiction. (*See* Doc. 37 at 4.) He also makes a convoluted argument that one of his strike cases was dismissed "because the C.D. Cal. Could not grant relief due to the immunity of the Cal. Dep't. of Corrections and Rehabilitation from lawsuits in its official capacity."[2] *Id*.

**IV.     APPLICABLE LAW**

Federal Rule of Civil Procedure 60(b) provides for reconsideration of a final judgment or any order where one of more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other reason justifying relief. "Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the sound discretion of the district court." *Allmerica Financial Life Insurance and Annuity Company v. Llewellyn*, 139 F.3d 664, 665 (9th Cir. 1997).

**V.     DISCUSSION**

Plaintiff's motion for reconsideration is without merit. First, he provides no legal or factual support for his argument that because *Martinez I* and *Martinez II* both dealt with the issue

---

[1] It is unclear to which of Plaintiff's three strike cases he is referring.

[2] In the supplemental pleading, Plaintiff also appears to ask the Court to send him copies of the orders that "dismiss[ed] the two strikes and give time to [him] to file a supportable defense" should the Court deny his motion for reconsideration. (*See generally* Doc. 36 at 5 (brackets added).) The magistrate judge has properly denied Plaintiff's request. It is Plaintiff's responsibility to keep copies of documents in his cases. If Plaintiff still wishes to have copies of the dispositive orders in *Martinez I* and *Martinez II* sent to him for his own personal records, he is free to contact the Clerk's Office and send it the appropriate payment for those orders to be copied and sent to him.

3

of Plaintiff's classification status, the dismissal of the cases counts as only one strike. Second, Plaintiff's claim that *Martinez I* and/or *Martinez II* were dismissed for other reasons and not because they failed to state a claim upon which relief could be granted, is clearly disproven by the record. The dispositive order in *Martinez I* clearly states that Plaintiff's application to proceed in forma pauperis was denied because the Court found – in a detailed factual statement – that the sole Defendant, the California Department of Corrections and Rehabilitation, was immune from suit under the Eleventh Amendment, and that as a result, *Martinez I* failed to state a claim upon which relief could be granted. *See Martinez I*, Doc. 3.

In *O'Neal v. Price*, 531 F.3d 1146 (9th Cir. 2008), the Ninth Circuit clearly stated, "[T]he district court has 'dismissed' the prisoner's case for purposes of [Section] 1915(g) when the Court denies the prisoner's application to file without prepayment of the filing fee on the ground that the complaint is frivolous, malicious or fails to state a claim, and thereupon terminates that complaint." *Id.* at 1152 (brackets added); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016).

This is precisely what happened in *Martinez I*. *See Martinez I*, Doc. 3 (denial of in forma pauperis status due to failure to state a claim upon which relief may be granted, and dismissal of case). This is also what happened in *Martinez II*. *See Martinez II*, Doc. 2 (same). For these reasons, *Martinez I* and *Martinez II* are both strikes. Therefore, when they are considered along with *Martinez v. San Juan*, No. 1:21-cv-00146 DAD EPG (E.D. Cal. June 10, 2021) ("*Martinez III*"), which Plaintiff agrees was a strike (*see* Doc. 36 at 2) and which was clearly dismissed for failure to state a claim (*see Martinez III*, Doc. 10 at 13), Plaintiff has not shown pursuant to Rule 60(b) that the Court made a mistake when it found that Plaintiff is a three strikes litigant within the meaning of 28 U.S.C. § 1915(g).

For these reasons, Plaintiff's motion for reconsideration must be denied, and Plaintiff, as a three strikes litigant, must pay the filing fee in full prior to proceeding any further with this matter. As an alternative to paying the filing fee and proceeding with this case, Plaintiff is reminded that he may voluntarily dismiss this matter, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Plaintiff will be given thirty days to take either course of action. Accordingly, the

Court **ORDERS**:

1. Plaintiff's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60 (Doc. 36) is **DENIED**.

2. As a three strikes litigant within the meaning of 28 U.S.C. § 1915(g), Plaintiff must PAY the filing fee **IN FULL** before proceeding any further in this action.

3. As an **ALTERNATIVE**, Plaintiff may **VOLUNTARILY DISMISS** this matter pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

4. Plaintiff will be given thirty days to take either course of action.

IT IS SO ORDERED.

Dated:   **August 1, 2025**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE